TYLER (CONNECTICUT MUT. LIFE INS. CO. v.). See Case No. 3,109.

---

## Case No. 14,307.

### TYLER et al. v. DEVAL et al.

[1 Code Rep. 30; 1 Am. Law J. (N. S.) 248; 6 West. Law J. 47.] [1]

Circuit Court, D. Louisiana. 1848.

PATENTS—PATENTABLE INVENTION — PRINCIPLE— COMBINATION—CLAIMS—INJUNCTION.

1. Motion for an injunction, to prevent the infringement of an alleged patent right. *Held*, that a machine is patentable, only when it is substantially new.

2. An invention in mechanics consists, not in the discovery of new principles, but in new combinations of old principles.

3. Where an inventor claims to have invented more than he has actually invented, the patent is void.

John Henderson, for complainants.

S. S. Prentiss, for defendant Deval.

Horner & Durant, for the other defendants.

McCALEB, District Judge. This is a motion to restrain the defendants from the infringement of complainants' patent [No. 3,-885] for an improvement called the "Tyler Cotton Press." The complainants have filed, as exhibited in their bill, their own patent, and also the patent and specifications under which defendants claim their right to act. The parties have also furnished plans and models, which have placed the court in full

[1] [1 Am. Law J. (N. S.) 248, and 6 West. Law J. 47, contain only partial reports.]

possession of all that is necessary to enable it to comprehend the nature of the respective improvements or inventions.

The motion for an injunction is resisted by the defendants on three grounds: (1) That the complainants' pretended improvement or invention is not original. (2) That the patent is void, inasmuch as they claim more than was invented. (3) That the defendants' patent embraces a new and important improvement, wholly different and distinct from that of the complainants', and does not in any respect interfere with the latter.

I have attentively considered the arguments and authorities presented by the learned counsel for and against this motion, and am inclined to the opinion that all the grounds taken by the defendants are tenable. It is, I think, perfectly obvious that the direct application of the piston rod of the steam engine to the progression lever is not an original invention of either party. This combination and application of power was invented in 1839, by John G. Shuttleworth, as appears from the plans and descriptions published in the Repository of Patent Inventions, and Other Discoveries and Improvements in Arts, Manufactures, and Agriculture. If the patent of the Tyler cotton press embraces this as a part of the improvements, then it is clearly void, the claim being broader than the actual invention. On this point the language of Mr. Justice Story, in the case of Woodcock v. Parker [Case No. 17,971], is too plain to be misunderstood. "If," said he, "the machine for which the plaintiff obtained a patent substantially existed before, and the plaintiff made an improvement only therein, he is entitled to a patent for his improvement only, and not for the whole machine; and, under such circumstances, as the present patent is admitted to comprehend the whole machine, it is too broad, and therefore void." Again, in the case of Barrett v. Hall [Id. 1,047], the same eminent judge held that, "if a patent be for an improved machine, then the patentee must state in what the improvement specifically consists, and it must be limited to such improvement." If, therefore, the terms be so obscure or doubtful that the court cannot say what is the particular improvement which the patentee claims, and to what it is limited, the patent is void for ambiguity. Such was the opinion of Mr. Justice Heath in the case of Boulton v. Bull, 2 H. Bl. 463, 482, and of the supreme court of the United States in the case of Evans v. Eaton, 3 Wheat. [16 U. S.] 454. If the complainants' patent does not embrace the combination to which I have alluded, and it is not easy to determine to what it is to be specifically limited, I am unable to discover wherein the invention consists. The new connection of the progression levers with the plateau, by straight iron rods, can hardly claim the dignity of an invention or improvement. A machine is patentable only when it is substantially new. The mere application of an old machine to a new process is not patentable. In the case of Howe v. Abbott [Case No. 6,766] it was held by Mr. Justice Story that the application of an old process to manufacture an article to which it had never before been applied is not a patentable invention. There must be some new process, or some new machinery used to produce the result. He who produces an old result by a new mode or process is entitled to a patent for that mode or process. But he cannot have a patent for a result merely, without using some new mode or process to produce it.

In the subsequent case of Bean v. Smallwood [Case No. 1,173] the learned judge made a more definite application of the principle here laid down, by the citation of a few simple examples. "I take it to be clear," said he, "that a machine or apparatus, or other mechanical contrivance, in order to give a party a claim to a patent therefor, must, in itself, be substantially new. If it is old and well known, and applied only to a new purpose, that does not make it patentable. A coffee mill, applied for the first time to grind oats, or corn, or mustard, would not give a title to a patent for the machine. A cotton gin, applied, without alteration, to clean hemp, would not give a title to a patent for the gin as new. A loom to weave cotton yarn would not, if unaltered, become a patentable machine, as a new invention, by first applying it to weave woollen yarn. A steam engine, if ordinarily applied to turn a grist mill, would not entitle a party to a patent for it if it were first applied by him to turn the main wheel of a cotton factory. In short, the machine must be new, not merely the purpose to which it is applied. A purpose is not patentable, but the machinery only, if new, by which it is to be accomplished. In other words, the thing itself which is patented must be new, and not the application of it to a new purpose or object."

But even if I am mistaken in my view of the complainants' patent, I have no doubt of the correctness of the third position taken by the defendants, to wit, that their patent does not conflict or interfere with that of complainants. The invention or improvement claimed by Deval, both in his specifications and patent, is a combination of triangular levers, with the progression levers attached to the piston rod, by which great accession of power is gained. This increased power, arising out of his new combination of levers, constitutes the defendant's improvement, and it is this alone which he has patented. This combination does not exist in the Tyler cotton press, where there is only one set of levers simply attached to straight rods to the plateau of the press. In mechanics inventions consist, not in the discovery of new principles, but in new combinations of old ones. The principles of mechanics are few, simple,

and well understood; but their combinations are various and inexhaustible. Any new combination; which is of substantial advantage in the arts, comes within the policy and protection of the patent law. Even then, if the Tyler cotton press be an original and useful invention, I am of opinion that Deval's patent does not ·innovate upon it, and that the defendants have a right to make and sell the Deval cotton press.

For these reasons, the injunction prayed for by the complainants must be refused. Motion refused.